UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLIAM ESCALERA, JR.,

                Plaintiff,

           - against -

AMKC-95-ANNA M. KROSS COMPLEX;
MS. MINGO, DEP'T. COMMC'N.; CAPTAIN
CRUZ; C.O. AZIZ; and CITY OF NEW YORK,

                Defendants.

------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

**MEMORANDUM AND ORDER**
16-CV-6753 (RRM)

Plaintiff William Escalera, Jr., presently incarcerated at the Robert N. Davoren Complex

("RNDC"), located on Rikers Island, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983.

Escalera's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the

reasons stated below, Escalera's complaint is dismissed against defendants the Anna M. Kross

Center AMKC-95 ("AMKC"),[1] and Deputy Commissioner Mingo.

**BACKGROUND**

Escalera alleges that on March 20, 2016, while in custody at the RNDC, he was involved

in an altercation with a fellow inmate. (Compl. (Doc. No. 1) at 3).[2] Escalera alleges that he was

working on the suicide prevention unit when an inmate asked Escalera to bring him some food.

(*Id*. at 4). After Escalera provided the requested food, an argument ensued, and a Captain

directed them to quiet down. (*Id.*) Although Escalera's allegations are difficult to decipher, he

seems to allege that he was struck in the head by a different inmate, and that Escalera hit him

---

[1] The Court notes that although plaintiff refers to the AMKC as the Anna M. Kross Complex, the facility is known as the Anna M. Kross Center.

[2] For ease of reference, all citations to pages of the complaint refer to the Electronic Case Filing System ("ECF") pagination.

back.  (*Id.*)  Escalera further alleges that a captain and other correction officers "continuously sprayed [him with] toxins."  (*Id.*)  Escalera seeks monetary damages.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or employee of a governmental entity."  28 U.S.C. § 1915A.  Upon review, a district court shall dismiss a prisoner complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *Liner v. Goord*, 196 F.3d 132, 134 n.1 (2d Cir. 1999) (noting that under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

At the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and that the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

**DISCUSSION**

In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 does not create any independent substantive right, but rather, is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

## I.  Improper Parties

### *The Anna M. Kross Center*

The AMKC is a New York City Department of Correction facility on Rikers Island. As an agency of the City of New York, AMKC cannot be sued independently. *Lauro v. Charles*, 219 F.3d 202, 205 n.2 (2d Cir. 2000); *see, e.g.*, *Bromfield v. New York State*, No. 15-CV-3529 (CBA), 2016 WL 2917611, at *3 (E.D.N.Y. May 18, 2016); *Johnson v. New York Dep't of Correction*, No. 15-CV-640 (CBA), 2015 WL 4884880, at *2 (E.D.N.Y. Aug. 13, 2015); N.Y.C. Charter, Ch. 16, § 396. Accordingly, Escalera's claim against the AMKC is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

### *Deputy Commissioner Mingo*

In order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show the defendant's personal involvement in the alleged constitutional deprivation. *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013); *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *see also Davila v. Johnson*, No. 15-CV-2665 (AJN), 2015 WL 8968357, at *4 (S.D.N.Y. Dec. 15, 2015) ("It is well settled in this Circuit that personal

involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).

Moreover, there is no *respondeat superior* or vicarious liability under § 1983 and liability under § 1983 cannot be generally imposed on a supervisor solely based on her position. *See, e.g.*, *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") (citing *Monell v. New York City Dep't. Social Servs.*, 436 U.S. 658 (1978)); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*.").

Escalera fails to allege any facts to show that Mingo was personally involved in the alleged incident, or did or failed to do, anything to violate his constitutional rights. *See, e.g.*, *Iqbal*, 556 U.S. at 676. She appears to be named as a defendant simply for the position that she occupies at the AMKC. Accordingly, Escalera's claim against defendant Deputy Commissioner Mingo is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

**CONCLUSION**

Accordingly, it is hereby ORDERED that Escalera's claims against defendants AMKC-95 Anna M. Kross Center, and Deputy Commissioner Mingo, are dismissed. *See* 28 U.S.C. § 1915A(b). No summons shall issue as to these defendants. The Clerk of Court is directed to terminate AMKC-95 Anna M. Kross Center and Deputy Commissioner Mingo from this action. The Clerk of Court is hereby directed to serve the summons, the complaint, and a copy of the instant order upon defendants the City of New York, Captain Cruz, Shield No. 814, and

Correction Officer Aziz, Shield No. 9063, both of whom are alleged to be employed at the AMKC. The Clerk of Court is directed to serve a copy of the summons, complaint, and the instant order upon the Corporation Counsel for the City of New York.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Escalera and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York         *Roslynn R. Mauskopf*
       June 20, 2017                 _____
                                    ROSLYNN R. MAUSKOPF
                                    United States District Judge