UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
WILLIAM ESCALERA, JR.,

                Plaintiff,

      -against-                         **ORDER**
                                            16 CV 6753 (RRM) (CLP)
CAPTAIN CRUZ, C.O. AZIZ *et al.*,

                Defendants.
-------------------------------------------------------------- X
**POLLAK**, United States Magistrate Judge:

      Although *pro se* plaintiff William Escalera, Jr. appeared for the initial conference on March 12, 2018, counsel for the defendants did not. (See Electronic Minute Entry, Mar. 12, 2018). The Court therefore rescheduled the initial conference for April 11, 2018. (See Scheduling Order, Mar. 13, 2018, ECF No. 40). Mr. Escalera did not appear at the conference scheduled for April 11, 2018 and did not contact the Court or defendants' counsel. (See Minute Entry, Apr. 11, 2018, ECF No. 41). The Court rescheduled the conference again, this time for June 14, 2018. (See Scheduling Order, Apr. 11, 2018, ECF No. 42). Defendants' counsel appeared, but Mr. Escalera did not. (See Minute Entry, June 14, 2018, ECF No. 44). Later the same afternoon, Mr. Escalera called chambers to inquire about his case, and he was informed that he missed the conference and that it would be rescheduled. Thus, one final time, the Court has rescheduled the Initial Conference, which defendants' counsel may attend by phone, for:

        DATE:           **July 26, 2018**

        TIME:            **4:00 p.m.**

        LOCATION:   Courtroom 13B South
                              United States District Court
                              225 Cadman Plaza East
                              Brooklyn, NY 11201

      **IF PLAINTIFF FAILS TO APPEAR ON JULY 26, 2018 AT 4:00 P.M., THIS CASE MAY BE DISMISSED WITHOUT FURTHER NOTICE.** (See discussion infra at 3).

**A. Purpose of the Initial Conference**

One important purpose of the initial conference is to discuss what lawyers usually call "discovery." See Fed. R. Civ. P. 16(a) (explaining the purpose of a pretrial conference); Fed. R. Civ. P. 16(c)(2) (setting forth the matters courts may consider at a pretrial conference). Discovery takes place before trial, and is the process by which parties gather evidence and other information to narrow the issues in dispute and for use at trial. See, e.g., Williams v. McClain, 708 F. Supp. 1086, 1090 (W.D. Mo. 1989). The different procedures a party may use to obtain information in discovery are set forth in the Federal Rules of Civil Procedure, primarily in Rules 26 through 37.

At the conference, the Court will also discuss other legal procedures that may be utilized before trial to ensure "the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

**B. Initial Disclosures**

The Federal Rules of Civil Procedure generally require the parties to exchange initial disclosures of certain relevant information without awaiting a discovery request. See Fed. R. Civ. P. 26(a)(1)(A). The Court does not, however, require *pro se* parties to provide initial disclosures or participate in a Rule 26(f) conference. See id. (allowing a court to exempt a party from the initial disclosure requirement); Fed. R. Civ. P. 26(f)(1); see also Fed. R. Civ. P. 26(a)(1)(B)(iv). Thus the Court Orders that plaintiff need not provide initial disclosures under Rule 26, and need not participate in a Rule 26(f) conference prior to the initial conference.

The purpose of this conference is to discuss the collection of evidence to prepare for trial, which lawyers usually call "discovery." The conference will also discuss other legal procedures that may be utilized before trial.

**C. Important Requirements**

It is the responsibility of ALL parties to confirm that their contact information is correct at the time of filing the Complaint or Answer, as well as to regularly monitor the status of their cases in order to avoid missing court appearances or deadlines set by the Court.

Every communication sent to the Court must also be sent to the opposing party or counsel. Any document received by a district judge or magistrate judge that fails to indicate that a copy has been sent to all opposing parties and counsel may be disregarded by the Court.

The parties must also promptly send written notice to the judge, the Clerk of the Court, and counsel for all other parties of any changes in mailing address and/or telephone numbers.

**D. Plaintiff's Duty to Participate in Court Proceedings, Update His Contact Information, and Check the Status of His Case**

The federal courts are open to all persons, including those who may not have regular access to postal or telephone service. Nonetheless, it is incumbent upon a litigant—particularly a plaintiff who seeks to avail himself of the Court's assistance to obtain relief of some sort—to monitor the progress of the case, to check the docket sheet periodically (online, in person, or by phoning the Clerk of the Court), and to seek to move the case forward. The plaintiff is also under an obligation to provide and update his contact information so that the Court can provide him with Orders and other information regarding the action. By filing a lawsuit in federal court, a plaintiff voluntarily assumes such responsibilities. See West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).

If a plaintiff fails to pursue his case or to satisfy his obligations without good reason, his case may be dismissed with or without prejudice. Id. "The law is clear. The district court has the power to dismiss for failure to prosecute, on its own motion." Schenck v. Bear, Stearns & Co., Inc., 583 F.2d 58, 60 (2d Cir. 1978) (citing West v. Gilbert, 361 F.2d 314 (2d Cir.), cert.

denied, 385 U.S. 919 (1966)).  The authority to dismiss a case *sua sponte* arises from a court's inherent power, and is not limited by Rule 41 of the Federal Rules of Civil Procedure.  Link v. Wabash R. Co., 370 U.S. 626 (1962); accord In re World Trade Center Disaster Site Litig., 722 F.3d 483, 487 (2d Cir. 2013).

The Court is mindful of the possibility that Mr. Escalera may not be able to provide a stable mailing address.  Even if that is the case, he nonetheless must ensure that he remains in contact with the Court and opposing counsel and that he receives information regarding his case in some other way, such as:

- By visiting the Clerk of the Court's office and either accessing the docket on the public terminals or speaking with a deputy clerk;

- By calling the Pro Se Office at (718) 613-2665;

- By accessing the docket available online through CM/ECF or PACER; or

- By calling chambers at (718) 613-2360.

Plaintiff may also contact counsel for the defendants, Morgan McKinney, Esq., by calling her at (212) 356-2012 or by writing to her at the NYC Law Department, 100 Church Street, New York, NY 10007.  Amicable and informal communication may prove beneficial, particularly with respect to scheduling and discovery.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
June 15, 2018

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York